Matter of Andersen v Hein (2024 NY Slip Op 04167)

Matter of Andersen v Hein

2024 NY Slip Op 04167

Decided on August 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 8, 2024

CV-23-0334
[*1]In the Matter of Danny Andersen et al., on Behalf of Themselves and All Others Similarly Situated, Respondents,
v
Michael P. Hein, as Commissioner of Temporary and Disability Assistance, Appellant, et al., Respondents.

Calendar Date:May 31, 2024

Before:Egan Jr., J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ.

Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for appellant.
Empire Justice Center, Albany (Susan C. Antos of counsel) and National Center for Law and Economic Justice, New York City (Saima A. Akhtar of counsel), for Danny Andersen and others, respondents.
Eisenberg & Baum, LLP, New York City (Andrew Rozynski of counsel), for Legal Services of Central New York, Inc. and others, amici curiae.

Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (David A. Weinstein, J.), entered December 23, 2022 in Albany County, which partially granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and declaratory judgment action, and declared a policy of respondent Commissioner of Temporary and Disability Assistance in regard to the calculation of Supplemental Security Income to be in violation of the Fair Labor Standards Act.
New York expends state and local dollars to afford safety net assistance to certain financially needy individuals (see Social Services Law §§ 157 [1]; 158 [1], [8]), but generally requires recipients to engage in work activities (see Social Services Law §§ 331, 332, 336). Unpaid work for public or not-for-profit agencies, assigned under what are known as work experience programs (hereinafter WEP), will comply with the work requirement if sufficient private sector work is unavailable (see Social Services Law §§ 336 [1] [d]; 336-c). A recipient of safety net assistance is also required to apply for federal Supplemental Security Income (hereinafter SSI) benefits if he or she reasonably appears to be eligible for those benefits (see Social Services Law § 158 [2]). The recipient is entitled to interim assistance while the application is pending, which may be for a considerable period of time (see 42 USC § 1383 [g] [3]; Social Services Law § 158 [2]). If the application is eventually approved, however, "local public assistance agencies . . . [then] recoup the outlay [of interim assistance] from the recipient's 'first' or 'initial' SSI payment," a payment that includes retroactive benefits covering the pendency of the application (Matter of Rodriguez v Perales, 86 NY2d 361, 363 [1995]; see 42 USC §§ 407 [a]; 1383 [g] [2]; Social Services Law § 158 [2]; 18 NYCRR 353.2 [a] [1]).
In 2015, the Court of Appeals determined that an individual who performs unpaid work under a WEP "in exchange for cash public assistance . . . is protected by the federal minimum wage provisions of the Fair Labor Standards Act (FLSA)" (Matter of Carver v State of New York, 26 NY3d 272, 275-276 [2015]). It accordingly held that benefit payments could not be recouped from the proceeds of a recipient's winning lottery ticket if such would retroactively reduce the assistance received below the amount to which the recipient would have been entitled had they been paid a minimum wage for their work (see id. at 284-285; see also Social Services Law § 131-r).
Petitioner Danny Andersen received interim assistance while waiting for his SSI application to be approved and, relying heavily upon Carver, he commenced this hybrid class action and special proceeding in 2017 to raise various challenges to respondents' recoupment practices. In 2022, following extended proceedings that included amendments of the petition/complaint to, among other things, name additional petitioners who had participated in a WEP while awaiting the approval of their SSI applications[*2], the parties entered into a stipulation that resolved the bulk of petitioners' claims. The stipulation left unresolved the issue of whether individuals who received interim assistance while awaiting an SSI determination were entitled to credit for their unpaid work under a WEP when the amount of recoupment from SSI retroactive benefits was calculated. The stipulation further contemplated that petitioners would simultaneously move for a declaratory judgment to resolve that claim, and petitioners did so. Supreme Court granted the motion, issuing a judgment declaring that unpaid work performed while receiving interim assistance was subject to FLSA and that the recoupment amount must be adjusted to "reflect the value of any participation by a public assistance recipient in a [work] activity . . . as a condition of receiving public assistance." Respondent Commissioner of Temporary and Disability Assistance appeals.
Upon appeal, the Commissioner does not seriously dispute that FLSA applies to unpaid work performed by interim assistance recipients and acknowledges that those recipients have "a right to receive the value, at minimum wage, of WEP activity performed." He instead argues that recoupment from the retroactive award of SSI benefits does not impinge upon that right, as interim assistance is merely a stopgap representing potential SSI benefits and recoupment from those benefits does not deprive an interim assistance recipient of the value of his or her work. To explain that argument, the Commissioner offers the example of an individual who receives $14,000 in interim assistance while waiting 28 months for the Social Security Administration to render a determination on his or her SSI application. The interim assistance recipient performs unpaid work under a WEP during that period and would have received $11,200 had a minimum wage been paid for that work. The SSI application is then approved and an initial lump sum retroactive payment of $16,800 is made, at which point the State seeks and obtains reimbursement for the $14,000 in interim assistance benefits. The benefits recipient has received $14,000 in interim assistance benefits for the 28-month pendency of the SSI application — an amount that includes the value of his or her work — and retains that money. The only effect of the recoupment upon the recipient is to reduce the retroactive SSI payment to account for the duplicative interim assistance payments for those 28 months, preventing the recipient from "double dipping" and receiving both interim assistance benefits and SSI benefits during that period.
The Commissioner's logic is compelling and, as it comports with the statutory framework, we reverse. "The fact that recipients of public assistance must participate in a WEP to receive benefits without reduction means that the public assistance paid to WEP participants directly serves as compensation for the work performed" (Matter of Covert v County of Niagara, 172 AD3d 1686, 1688 [3d Dept 2019[*3]] [citations omitted]). Accordingly, because some portion of interim assistance paid to WEP participants represents compensation for work under FLSA, "the State cannot retroactively deprive [those individuals] of a minimum wage by recouping" that compensation from other, unrelated assets, like the lottery jackpot at issue in Carver (Matter of Carver v State of New York, 26 NY3d at 284). The dispositive issue here is whether SSI benefits are similarly unrelated to interim assistance benefits so that any effort to recoup work-related interim assistance benefits from them constitutes an illegal deprivation of wages under FLSA and Carver.
In that regard, it is helpful to examine the statutory relationship between interim assistance and SSI benefits. Although SSI benefits are ordinarily beyond the reach of the State and other creditors (see 42 USC § 407), Congress has "explicitly authorize[d] localities to recover interim assistance provided to SSI applicants out of the retroactive benefits they are awarded . . . [in order] to provide an incentive to States to furnish financial assistance to needy individuals awaiting disposition of their applications for SSI benefits" (Matter of Rodriguez v Perales, 86 NY2d at 365; see 42 USC § 1383 [g]). Interim assistance is therefore inherently related to SSI benefits in that the former provides for the basic needs of an SSI benefits applicant from state and local funds until the SSI application is decided, after which, if the application is approved, reimbursement is paid out of a retroactive SSI benefit award for the period that the application was pending (see 42 USC § 1383 [g]; Social Services Law § 158 [2]). Indeed, Congress specifically defines interim assistance as, among other things, "assistance financed from State or local funds and furnished for meeting basic needs" during the pendency of an application for SSI benefits (42 USC § 1383 [g] [3]). If the SSI application is granted, the Commissioner of Social Security is directed to withhold, without limitation, "an amount sufficient to reimburse the State (or political subdivision) for interim assistance furnished on behalf of the [SSI applicant] by the State (or political subdivision)" (42 USC § 1383 [g] [1]). As at least one other court has observed, there is "nothing in the language of [42 USC] § 1383, its legislative history, or interpretive case law to indicate that Congress intended to restrict the definitional scope of the term 'furnish' to exclude benefits provided to 'workfare' participants" like interim assistance recipients who participate in a WEP (Johns v Stewart, 57 F3d 1544, 1556 [10th Cir 1995]).
This statutory framework reflects, in other words, a tight connection between interim assistance and SSI benefits in which the former is a means by which the state and its subdivisions provide stopgap benefits while an application for SSI benefits is pending. Congress explicitly contemplated that state and local agencies would be made whole from SSI [*4]benefits retroactively awarded to cover the period that interim assistance was being paid, and the recipient is left with the full amount of interim assistance awarded, including the portion attributable to their work in a WEP. Under these circumstances, reimbursement for interim assistance is plainly not an effort to steal wages from a benefit recipient by taking his or her unrelated assets, like the abortive attempt to recover wages from a benefit recipient's lottery jackpot (cf. Matter of Carver v State of New York, 26 NY3d at 284). It is also not an effort by the state to improperly "reimburse itself for FLSA wages previously earned by an employee out of an award the employee receives under a separate and distinct disability entitlement" (Elwell v Weiss, 2007 WL 2994308, *6, 2006 US Dist LEXIS 96934, *20 [WD NY Sept. 29, 2006, No. 03-CV-6121]). It simply reflects the fact that interim assistance represents a voluntary decision by a state or its subdivisions to advance money to support individuals during a period that they may be entitled to SSI benefits, an endeavor encouraged by Congress with the promise that those monies will be reimbursed from retroactive SSI benefits while leaving benefit recipients with the interim assistance payments they have already received. Thus, petitioners have not been deprived of the wages to which they are entitled, and Supreme Court erred in declaring otherwise.
Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, motion denied, and it is declared that the policy of respondent Commissioner of Temporary and Disability Assistance to obtain reimbursement for the full amount of interim assistance from Supplemental Security Income does not violate the Fair Labor Standards Act of 1938.